UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

LISA F. WILSON
            Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

and

HON. DENIS RICHARD MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS

            Defendants.

Case: 1:21-cv-01064   JURY DEMAND
Assigned To : Friedrich, Dabney L.
Assign. Date : 4/15/2021
Description: Employ Discrim. (H-DECK)

JURY TRIAL REQUESTED

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**
**HOSTILE WORK ENVIRONMENT & REPRISAL**

Plaintiff Lisa Wilson, of 9793 Leighland Court, Waldorf, MD 20603, presenting

pro se, does hereby state and allege:

## I.    NATURE OF THE ACTION

1.  This is an action for relief from hostile work environment based on reprisal, in

violation of Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C.

2000e et seq. ("Title VII").

2.  Plaintiff Lisa Wilson (hereinafter, "Plaintiff") alleges that Defendants United States

Department of Veterans Affairs ("VA") and Hon. Denis Richard McDonough ("McDonough"),

Secretary of Veterans Affairs, (collectively, "Defendants"), created a hostile work environment

against her on the basis of retaliation for her prior Equal Employment Office activity on issues

that are not the subject of this complaint when they: 1) failed to address an employee's

instruction to a subordinate employee to access her eOPF without the Plaintiff's permission; 2) detailed Plaintiff to work at VISN 5 located in Linthicum, Maryland, which is more than 50 miles from where she lived.

3.   Plaintiff seeks compensatory damages and punitive damages, costs associated with traveling to and from the detail, and reasonable fees and costs as remedies for Defendants' violations of her rights.

## II.    THE PARTIES

4.   At the time of the allegations herein, Plaintiff worked as a Human Resources Officer, GS-14, at the Agency's offices located in Washington, D.C.

5.   Upon information and belief, Defendant VA is a federal Cabinet-level agency that provides near-comprehensive healthcare services to eligible military veterans at VA medical centers and outpatient clinics located throughout the country; several non-healthcare benefits including disability compensation, vocational rehabilitation, education assistance, home loans, and life insurance; and provides burial and memorial benefits to eligible veterans and family members at 135 national cemeteries. Defendant VA has a number of medical facilities throughout the country, including the District of Columbia. All of the events alleged herein occurred while Plaintiff was employed by Defendant VA in one of its two District of Columbia facilities.

6.   At all times relevant herein, Defendant VA had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

7.   Upon information and belief, Defendant McDonough is the current Secretary of Veterans Affairs. As the Secretary of Veterans affairs, he heads the U.S. Department of Veterans Affairs in its mission to provide health, education, disability, funerary, and financial benefits

earned by veterans of the United States Armed Forces. As Secretary of Veterans Affairs, Defendant McDonough is indirectly liable for the actions of the Department of Veterans Affairs.

8.   Any reference to agents or employees, is referring to agents and employees of the Defendants to this suit.

### III.   JURISDICTION AND VENUE

9.   This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

10. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff timely filed her formal EEO complaint of discrimination on October 15, 2018.

12. The VA Office of Resolution Management (ORM) accepted and appropriately investigated the Plaintiff's complaints.

13. Plaintiff initially requested a hearing before an Equal Employment Opportunity Commission administrative judge.

14. Subsequently, the Plaintiff's hearing request was dismissed by the administrative judge, as the judge entered summary judgment in favor of the Agency after concluding that Plaintiff failed to establish that there were issues of material fact or credibility that required a hearing.

15. On September 29, 2020, the Agency issued a final order stating that it intended to

3

fully implement the administrative judge's decision and issued the final agency decision thereafter.

16. Plaintiff timely filed an appeal of the Final Agency Decision with the EEOC.

17. The EEOC issued a decision on Plaintiff's appeal dated January 12, 2021 which included a Notice of Right to File a Civil Suit.

18. Plaintiff received the decision on appeal on January 13, 2021 via USPS.

19. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 19, above.

21. At the time of the allegations herein, Plaintiff worked as a Human Resources Officer, GS-14, at the Agency's offices located in Washington, D.C.

22. Plaintiff had prior EEO activity.

23. Plaintiff identifies Carin Otero and Dr. Raymond Chung as persons responsible for the actions challenged herein.

24. Carin Otero was the Associate Deputy Assistant Secretary for Human Resources Policy and Planning, Human Resources and Administration.

25. On information and belief, Otero, by virtue of her position, would have been aware of Plaintiff's prior EEO activity.

26. Dr. Raymond Chung was the Chief Medical Officer and served as Plaintiff's Acting Network Director.

27. In reprisal for Plaintiff's prior EEO activity, Ms. Otero instructed the employee, who

4

was identified in Plaintiff's prior EEO activity, to access her eOPF file.

28. Plaintiff complained of this unnecessary access being granted to her eOPF to her superiors on a number of occasions and asked what they could do to protect her personal information, particularly since the employee who had accessed her information was the employee whom she had filed her prior EEO complaint against.

29. The record formally shows that the Agency's investigation into Plaintiff's complaints regarding her eOPF being accessed yielded no information which suggested that Carin Otero, former Assistant Secretary, instructed a subordinate to access Plaintiff's eOPF without her permission

30. On April 27, 2018, Plaintiff was detailed to work at VISN 5 located in Linthicum, Maryland for a period of 120-days.

31. The detail to VISN 5 exacerbated Plaintiff's commute to and from work, as it was outside the 50-mile radius of her home.

## VI. CLAIM FOR RELIEF

Hostile Work Environment (Reprisal) in Violation of
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a)

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

33. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice and made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

34. Plaintiff had previously made informal and formal complaints to VA agents and employees opposing Defendants' unlawful, discriminatory employment practices.

35. As a result of Plaintiff's complaints, Defendants' agents and employees took

materially adverse actions against Plaintiff, including, but not limited to, refusing to address why an employee whom she had previously filed an EEO complaint against was instructed to access the personal information of her eOPF, and detailing Plaintiff outside the legally mandated 50-mile radius when she continued to question how the Agency was addressing the issue.

36. Defendants' adverse actions constituted retaliatory workplace harassment.

37. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

38. As a direct, legal and proximate result of Defendants' reprisal, Plaintiffs have sustained, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

39. Plaintiff is entitled to the reasonable fees and costs of suit.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

40. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

41. $100,000 which is:

42. For compensatory damages for Plaintiff's emotional pain and suffering;

43. For punitive damages;

44. For costs associated with commuting to and from VISN 5 in Linthicum, Maryland, to include gas, vehicle maintenance, and wear and tear on her vehicle;

45. For interest on damages, including pre- and post-judgment interest and an upward adjustment for inflation;

46. And for reasonable fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k); and

6

47. For or an order enjoining Defendants from engaging in the unlawful acts complained of herein; and

48. For such other and further relief as this Court deems just and proper.

## VII.    JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on each and every Count of her Petition.

## VIII.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Date of signing: 4/13/2021**

**Signature of Plaintiff:** *Lisa F. Wilson*

**Printed Name of Plaintiff: Lisa F. Wilson**

## CERTIFICATE OF SERVICE

I certify that on the 13th day of April 2021, this Complaint was filed with the U.S. District Court of the District of Columbia at Clerk, U.S. District Court, 333 Constitution Avenue, NW Washington, DC 20001.

Lisa F. Wilson

PRESS FIRMLY TO SEAL



USPS POSTAL SERVICE®

PRIORITY MAIL®

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only

7020 0640 0001 7602 0326



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

RETURN RECEIPT REQUESTED

PRIORITY ★ MAIL ★

FROM:
Lisa F. Nelson
9793 Leighland Ct.
Waldorf, MD 20603





Room 1225
APR 15 2021
Washington DC 3

TO:
Attn: Clerk's Office
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave, NW
Washington DC 20001



To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL U

U.S. POSTAGE PAID
PM 1-Day
WALDORF, MD
20602
APR 13, 21
AMOUNT
$14.40
R2304Y122039-44

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

1006
20001

* Domestic only.
× For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

18
1/2

5                                                      2021000936

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

January 12, 2021
Date